**Amber CURTIS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant–Appellee.**

**No. 13–35146.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2014.

Filed July 30, 2014.

Merrill Schneider, Schneider Law Of-
fices, Brandon G. Williams, Schneider
Kerr Law Offices, Portland, OR, for Plain-
tiff–Appellant.

Adrian Lee Brown, Assistant U.S., Of-
fice of the U.S. Attorney, Portland, OR,
Simone P. Cain, Henry E. Velte, III, So-
cial Security Administration, Dallas, TX,
Nancy Albert Mishalanie, Terrye Erin
Shea, Esquire, Special Assistant U.S.,
SSA–Social Security Administration Office
of the General Counsel, Seattle, WA, for
Defendant–Appellee.

Before: PREGERSON, PAEZ, and
WATFORD, Circuit Judges.

MEMORANDUM *

1. In denying Amber Curtis' claim for
supplemental security income, the Admin-
istrative Law Judge (ALJ) erred by con-
sidering only those portions of third-party
functional reports by Shelby Alexander

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

and Nicole Labins favorable to the Com-
missioner. "[L]ay testimony … *cannot*
be disregarded without comment." *Stout
v. Comm'r, Soc. Sec. Admin.,* 454 F.3d
1050, 1053 (9th Cir.2006). The ALJ made
no mention of Alexander's and Labins'
statements that Curtis was uncomfortable
in public places, easily overwhelmed, and
confused by written instructions.

This is not a case in which the ALJ
rejected Alexander's and Labins' state-
ments for the same reasons he rejected
other witnesses' testimony and merely ne-
glected to "point to" those equally applica-
ble reasons. *See Molina v. Astrue,* 674
F.3d 1104, 1114–15 (9th Cir.2012). Alexan-
der and Labins based their reports on
their own observations, rather than on
Curtis' assertions, and the ALJ's rejection
of Curtis' testimony therefore has no clear
bearing on Alexander's and Labins' re-
ports. *See Dodrill v. Shalala,* 12 F.3d 915,
918 (9th Cir.1993). Moreover, none of Al-
exander's or Labins' statements are neces-
sarily incompatible with Curtis' reports
that she prepares food, watches television,
and cares for her son. *See Fair v. Bowen,*
885 F.2d 597, 603 (9th Cir.1989) ("[M]any
home activities are not easily transferable
to what may be the more grueling environ-
ment of the workplace.").

Because the testimony, if fully credited,
might have resulted in a different disabili-
ty determination, the ALJ's error was not
harmless. *See Stout,* 454 F.3d at 1056. If
fully credited, Alexander's and Labins'
statements add weight to Curtis' own testi-
mony, *see Robbins v. Soc. Sec. Admin.,* 466
F.3d 880, 885 (9th Cir.2006), and may have
supported additional restrictions in the vo-
cational hypothetical.

by 9th Cir. R. 36–3.

2. Although the ALJ wrote that he considered "[a]ll impairments, severe and non-severe," in determining Curtis' residual functional capacity (RFC), we are unable to determine on the record before us whether the ALJ adequately considered Curtis' mental health limitations. In analyzing Curtis' RFC on remand, the ALJ must, as required by 20 C.F.R. § 404.1545(a)(2), consider his own findings that Curtis suffered from severe depression and anxiety and had mild or mild to moderate limitations ·in several functional domains.

Accordingly, we reverse the district court's judgment with instructions to remand to the Commissioner for further proceedings consistent with this memorandum.

**REVERSED AND REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.